UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PARK PLUS FLORIDA, INC.,

    *Plaintiff*,

v.

EXECUTIVE RISK INDEMNITY INC.,
and GREENWICH INSURANCE
COMPANY,

    *Defendants*.

_____/

## COMPLAINT

Park Plus Florida, Inc. sues Executive Risk Indemnity Inc. and Greenwich Insurance Company, as follows:

### NATURE OF ACTION

1. This is an action for damages and declaratory relief resulting from Executive Risk Indemnity Inc.'s ("Chubb") and Greenwich Insurance Company's ("AXAXL") refusal to defend and indemnify their insured, Park Plus Florida, Inc., in an underlying construction defect action. The dispute concerns Chubb's and AXAXL's obligations under their respective insurance policies and the parties' respective rights, duties, and obligations under those policies.

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties have complete diversity of citizenship and the amount in controversy is more than $75,000.00, exclusive of costs, interest, and attorney's fees.

*Park Plus Florida, Inc. v. Executive Risk Indemnity, Inc., et al.*

## VENUE

3. Venue is proper in this judicial district pursuant 28 U.S.C. §1391 because all of the events giving rise to this action occurred in this district and the Underlying Lawsuit against the insured was filed in Miami-Dade County, Florida.

## PARTIES

4. Park Plus Florida, Inc. ("Park Plus") is a Florida corporation with its principal place of business in Dania Beach, Florida.

5. Chubb is a Delaware corporation, with its principal place of business in Whitehouse Station, NJ. At all material times, Chubb was authorized to conduct business in Florida and actively engaged in the business of issuing insurance policies to Florida consumers.

6. AXAXL is a Delaware corporation, with its principal place of business in Stamford, Connecticut. At all material times, AXAXL was authorized to conduct business in Florida and actively engaged in the business of issuing insurance policies to Florida consumers.

## GENERAL ALLEGATIONS

7. The Chubb Policy: Chubb issued Commercial General Liability insurance policy number 54310342-00, effective from November 5, 2020 to November 5, 2021, to Park Plus, Inc. ("Chubb Policy"). A copy of the Chubb Policy is attached as Exhibit A.

8. The AXAXL Policy: AXAXL issued Professional and Pollution Legal Liability insurance policy number PEC0057923, effective from November 5, 2020 to November 5, 2021, to Park Plus Holdings, Inc. ("AXAXL Policy"). A copy of the AXAXL Policy is attached as Exhibit B.

9. The Underlying Lawsuit: On January 20, 2023, 801 SMA Master Association, Inc. (the "Association") initiated an action styled *801 SMA Master Association, Inc. v. AMCO PRH 801*

*South Miami Avenue, LLC, et al.*, No. 2023-001071-CA-01, in 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Underlying Lawsuit") against AMCO PRH 801 South Miami Avenue, LLC and others alleging various acts that purportedly led to the defective construction of the Association's property and ensuing damages.

10. On June 20, 2024, the Association amended its Complaint in the Underlying Lawsuit to add Park Plus as a defendant in that action. A copy of the Amended Complaint is attached as Exhibit C.

11. Park Plus tendered the Underlying Lawsuit and the Association's claim(s) to Chubb and AXAXL.

12. Both Chubb and AXAXL have refused to defend or indemnify Park Plus with respect to the Underlying Lawsuit, which remains ongoing, and/or the Association's claim(s).

13. Trial in the Underlying Lawsuit has been set for the trial period commencing on April 28, 2025.

14. All conditions precedent to bringing this action have been performed, waived, or have otherwise occurred.

### COUNT I
### BREACH OF CONTRACT AGAINST CHUBB

15. Park Plus re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. Contract: The Chubb Policy constitutes a valid and enforceable contract under Florida law and Park Plus satisfied all conditions necessary to maintain the Chubb Policy in full force and effect at all relevant times.

17. Duty: The Chubb Policy obligated Chubb to perform certain duties, including the duty to defend and indemnify Park Plus against covered claims.

18. The claims asserted against Park Plus in the Underlying Lawsuit are covered claims under the Chubb Policy and no exclusions or conditions apply as a bar to coverage thereunder.

19. <u>Breach</u>: Chubb breached its duties under the Chubb Policy by refusing to defend or indemnify Park Plus against the claims asserted in the Underlying Lawsuit.

20. <u>Damages</u>: As a direct, foreseeable, and proximate result of Chubb's breaches of its duties under the Chubb Policy, Park Plus suffered and continues to suffer damages, including but not limited to defense costs and the amount of the claimed damages at issue in the Underlying Lawsuit.

WHEREFORE, Park Plus Florida, Inc., demands judgment against Executive Risk Indemnity Inc. ("Chubb"), for compensatory damages, attorney's fees, costs, pre- and post-judgment interest, and any further relief this Court deems equitable, just, and proper.

## COUNT II
## BREACH OF CONTRACT AGAINST AXAXL

21. Park Plus re-alleges paragraphs 1 through 14 as if fully set forth herein.

22. <u>Contract</u>: The AXAXL Policy constitutes a valid and enforceable contract under Florida law and Park Plus satisfied all conditions necessary to maintain the AXAXL Policy in full force and effect at all relevant times.

23. <u>Duty</u>: The AXAXL Policy obligated AXAXL to perform certain duties, including the duty to defend and indemnify Park Plus against covered claims.

24. The claims asserted against Park Plus in the Underlying Lawsuit are covered claims under the AXAXL Policy and no exclusions or conditions apply as a bar to coverage thereunder.

25. <u>Breach</u>: AXAXL breached its duties under the AXAXL Policy by refusing to defend or indemnify Park Plus against the claims asserted in the Underlying Lawsuit.

26.  <u>Damages</u>: As a direct, foreseeable, and proximate result of AXAXL's breaches of its duties under the AXAXL Policy, Park Plus suffered and continues to suffer damages, including but not limited to defense costs and the amount of the claimed damages at issue in the Underlying Lawsuit.

WHEREFORE, Park Plus Florida, Inc., demands judgment against Greenwich Insurance Company ("AXAXL"), for compensatory damages, attorney's fees, costs, pre- and post-judgment interest, and any further relief this Court deems equitable, just, and proper.

### COUNT III
### DECLARATORY RELIEF AGAINST CHUBB

27.  Park Plus re-alleges paragraphs 1 through 14 as if fully set forth herein.

28.  There is a bona fide actual, present, and existing justiciable controversy among the parties to this action regarding whether coverage is afforded under the Chubb Policy for the claims made and damages sought against Park Plus in the Underlying Lawsuit, including whether Chubb has a duty to defend Park Plus in the Underlying Lawsuit and the priority of coverage as between the policies issued by Chubb and AXAXL.

29.  Pursuant to 28 U.S.C. § 2201, *et seq.*, Park Plus seeks a judgment declaring that Chubb has a duty to defend Park Plus, under the terms and provisions of the Chubb Policy, against the alleged claims and damages at issue in the Underlying Lawsuit.

30.  The declaration sought pertains to an ascertainable set of facts and law and controversy among the parties.

31.  The controversy among the parties is substantial in nature and there is an immediate, pressing, and practical need for a declaration to clarify and settle the legal relations at issue and afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding.

WHEREFORE, Park Plus respectfully requests that this Honorable Court accept jurisdiction over this matter to adjudicate the rights of the parties and enter a judgment declaring the rights and obligations of the parties under the Chubb Policy, including but not limited to the following:

(a) that Chubb has a duty, under the Chubb Policy, to defend Park Plus in the Underlying Lawsuit;

(b) that Park Plus is entitled to recover from Chubb the legal fees and costs incurred by Park Plus in its defense of the Underlying Lawsuit;

(c) granting Park Plus attorney's fees pursuant to Section 86.121, Florida Statutes, or any other applicable statute; and

(d) granting Park Plus any further relief this Court deems equitable, just, and proper.

## COUNT IV
## DECLARATORY RELIEF AGAINST AXAXL

32. Park Plus re-alleges paragraphs 1 through 14 as if fully set forth herein.

33. There is a bona fide actual, present, and existing justiciable controversy among the parties to this action regarding whether coverage is afforded under the AXAXL Policy for the claims made and damages sought against Park Plus in the Underlying Lawsuit, including whether AXAXL has a duty to defend Park Plus in the Underlying Lawsuit and the priority of coverage as between the policies issued by Chubb and AXAXL.

34. Pursuant to 28 U.S.C. § 2201, *et seq.*, Park Plus seeks a judgment declaring that AXAXL has a duty to defend Park Plus, under the terms and provisions of the AXAXL Policy, against the alleged claims and damages at issue in the Underlying Lawsuit.

35. The declaration sought pertains to an ascertainable set of facts and law and controversy among the parties.

36. The controversy among the parties is substantial in nature and there is an immediate, pressing, and practical need for a declaration to clarify and settle the legal relations at issue and afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding.

WHEREFORE, Park Plus respectfully requests that this Honorable Court accept jurisdiction over this matter to adjudicate the rights of the parties and enter a judgment declaring the rights and obligations of the parties under the AXAXL Policy, including but not limited to the following:

(a) that AXAXL has a duty, under the AXAXL Policy, to defend Park Plus in the Underlying Lawsuit;

(b) that Park Plus is entitled to recover from AXAXL the legal fees and costs incurred by Park Plus in its defense of the Underlying Lawsuit;

(c) granting Park Plus attorney's fees pursuant to Section 86.121, Florida Statutes, or any other applicable statute; and

(d) granting Park Plus any further relief this Court deems equitable, just, and proper.

*Park Plus Florida, Inc. v. Executive Risk Indemnity, Inc., et al.*

## DEMAND FOR JURY TRIAL

Park Plus demands trial by jury on all issues so triable.

Respectfully submitted,

**VER PLOEG & MARINO, P.A.**
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Rochelle N. Wimbush
**Rochelle N. Wimbush, Esq.**
Florida Bar No. 74200
rwimbush@vpm-legal.com
jpacheco@vpm-legal.com
**Alessia A. Rocha, Esq.**
Florida Bar No. 1025878
arocha@vpm-legal.com
mgarcia@vpm-legal.com
*Attorneys for Plaintiff Park Plus Florida, Inc.*